# Wharton *v*. Harlan, Appellant.

*Res adjudicata—Boundaries—Trespass.*

A verdict and judgment in an action of trespass which merely adjudicates that a walnut tree was north of the division line between plaintiff's and defendant's property without any finding as to how far north it was, or how far east and west such line extended, is not res adjudicata of a subsequent action of trespass for the erection of a fence on a line which the defendant claimed was the division line between the properties.

Argued Nov. 17, 1903.   Appeal, No. 14, Oct. T., 1903, by defendants, from judgment of C. P. Chester Co., Oct. T., 1901, No. 36, on verdict for plaintiff in case of Joseph T. Wharton v. Susan Harlan and Henry P. Shimer.   Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass quare clausum fregit.   Before BUTLER, J.

The facts appear by the opinion of the Superior Court.

The defendants presented these points:

1. Under the agreement filed in the case in Delaware county the verdict in that case settled that the division line between the property of the plaintiff and defendants is north of the walnut stump; in other words, that the walnut stump is on the Shimer side of the fence, and if the jury find that the fence was set on the line as so established, the verdict should be for the defendants.   *Answer :* In answer to that point, we say the verdict and judgment in the former suit between the parties to the present litigation has established that at the walnut stump located along the eastern half of the line, the line is north of the stump. [1]

2. The fact that the deeds to the defendants called for an ash tree as a corner does not, per se, establish it as the corner. The marks on the ground would control, and if the jury find

that the fixing the ash tree as marking the true line is contrary to the verdict rendered in the Delaware county case, the ash tree should be disregarded as fixing the line. *Answer :* In answer to that point, we say the reference in defendant's deed to the ash tree as a corner of defendants' land is not conclusive upon the location of the line between the plaintiff and defendants, but is a piece of evidence to be considered in determining the location upon which the division fence between the parties has been maintained. [2]

Verdict for plaintiff for $500, subsequently reduced to six cents on which judgment was entered.

*Errors assigned* were (1, 2) above instructions, quoting them.

*V. Gilpin Robinson,* with him *Isabel Darlington* and *Thomas S. Butler,* for appellant.

*George B. Johnson,* with him *A. Wanger,* for appellee.

PER CURIAM, December 19, 1903 :

In 1898 the defendants in the present action brought an action of trespass in Delaware county against the plaintiff in the present action. Prior to the trial, the parties, through their counsel, entered into the following agreement: " It is agreed by the parties that the case shall be tried upon its merits without regard to the pleadings or form of action, and that the only issue shall be where the true dividing line between the lands of the plaintiff and the lands of the defendant is, and if it shall be found that the walnut tree described in the plaintiff's statement filed is upon the lands of the plaintiff, then the verdict shall be for the plaintiff for the value of the tree and costs. Otherwise, the verdict shall be for the defendant with costs. Either way, costs to follow the verdict." The verdict and judgment in the sum of one dollar were for the plaintiffs in that action. Subsequently the defendant in the former action brought an action of trespass in Chester county against the plaintiffs in the former action, and on the trial the principal question at issue was the location of the division line between the parties. Although the location of the same division line was involved in both actions, the locus in quo was not the

same. The verdict and judgment in the former action amounted to an adjudication that the line is north of the walnut tree; but precisely how far north and the precise course and length of the line east and west were facts left undetermined. As the learned trial judge said in disposing of the motion for a new trial: "In the case tried in Delaware county, the location of no part of the western half of the line fence (maintained by the Shimers and the subject-matter of the last suit) was the issue before the jury. The walnut tree stood along the eastern half of the fence maintained by Wharton, and, as before stated, the verdict of the Delaware county jury established no more than that at least the portion of this fence passing the tree and for some distance to the east and west of it was some indefinite distance north of the tree." Manifestly, therefore, the judgment in the former action could not of itself be regarded as an adjudication of the question of the location of the division line at the point involved in the present case. But counsel for appellants say it was proved on the trial of the present action that the line is a straight line, and they argue that having established by the verdict and judgment in the former action that the line is north of the walnut tree, this adjudication, if not conclusive, at least would aid the jury in determining the location of the line at the point in question.

We are not disposed to enter into a discussion of this proposition, because to do so intelligently we ought to have the evidence before us, and only a small portion of it has been printed. As to the effect of the former judgment and verdict, standing by themselves, the rulings of the trial judge were clearly right, and we are not prepared to say that they would have been erroneous even if it were a conceded fact that the line is a straight line. Something more than that would be necessary to determine the true location of the line at the point in question. But we will not speculate as to what, in the light of the evidence, the instructions to the jury ought to have been without having the evidence before us. As the record is presented here, we discover no error in the rulings complained of.

All the assignments of error are overruled and the judgment is affirmed.